MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS V. SAM H. RODGERS.

89  675
91  281

No. 441.—Decided June 15, 1896.

### 1.  Comparative Negligence Charge.

The doctrine which permits a party who is himself guilty of negligence to recover because the defendant is guilty of a greater degree of negligence is not the law of this State. (See charge held erroneous because presenting in its simplest form the repudiated doctrine of comparative negligence.) A charge, given at request of defendant, that plaintiff's negligence will prevent his recovery for negligence of defendant does not cover the same point nor cure the error.  (Pp. 678 to 680.)

### 2.  Error in Charge—How Cured.

Though the court gives on request a charge announcing a rule contrary to that of an erroneous charge already given, the error will not be cured by contradictory charges.  The erroneous charge should be withdrawn or corrected.  (P. 680.)

### 3.  Negligence—Injury to Child.

Where a boy between twelve and thirteen years of age was permitted by the employes of a railway to ride upon a hand car which they were operating, and falling therefrom was run over, the following rules of law governed his right to recover damages for the injury:

(1) Whether or not plaintiff was able to appreciate the danger of getting upon the car was a question of fact for the jury.

(2) If he was not, and it was dangerous, but such an act as might be done by a child of his age and intelligence, and defendants' employes invited or permitted him to ride there, defendant would be liable, though it had forbidden them to permit any one to ride on the car.

(3) If plaintiff was able to appreciate the danger the following rules would apply:   The burden was on him to prove that the employes had authority to permit him to ride there:   The company's rules forbidding them so to do were admissible evidence whether known to plaintiff or not:   Proof of such authority would in such case affect the degree of care due to plaintiff under the circumstances, but not relieve him from the consequences of his own negligence:   If the employes had no such authority defendant could not be held liable for the injuries, though they were guilty of negligence.  (Pp. 680, 681.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Hill County.

Rodgers, a minor, brought this suit by next friend, to recover from the railway company damages for personal injuries, received by him while riding on a push-car belonging to defendant. He had verdict and judgment for $5000, and on the company's appeal the case was affirmed by the Court of Civil Appeals, whereupon appellant obtained writ of error.

Defendant offered to prove by witnesses Denson and Rowland that it had issued rules and instructions forbidding any of its employees to allow persons to ride on any cars except those of a regular passenger train, and that the foreman and men in charge of the push-car had been forbidden to allow any but employees to ride upon it.   This evidence was excluded by the court on objection by plaintiff.

*Stanley, Spoonts & Thompson,* for plaintiff in. error—The court erred in refusing to admit the evidence of witnesses Rowland and Denson.   Railway v. Cock, 68 Texas, 717; Railway v. Dawkins, 77 Texas, 228; Railway v. Campbell, 76 Texas, 174; Railway v. Anderson, 82

Texas, 516; Railway v. Black, 27 S. W. Rep., (Tex.) 118; Morris v. Brown, 111 N. Y., 318; Eaton v. Railway, 57 N. Y., 382; Railway v. Bolling, 27 S. W. Rep., 492; Stone v. Hills, 45 Conn., 47; Wood, Mast. and Serv., 546; Flower v. Railway, 69 Pa., St., 210.

The charge submitted to the jury the rule of comparative negligence, which is unsound and not recognized by our courts. If S. H. Rogers was guilty of negligence himself he could not recover, although there may have been negligence on the part of the employees of defendant. McDonald v. Railway, 86 Texas, 1; Boyd v. Burket, 27 S. W. Rep., 223; Railway v. Smith, 52 Texas, 184; Railway v. Garcia, 75 Texas, 591; Artusy v. Railway, 73 Texas, 191.

The court erred in giving the following charge:

"You are further instructed that if you believe that plaintiff boarded said push-car without the invitation or consent of the men in charge of said car, and that plaintiff had sufficient intelligence to understand the danger incurred in so doing, and shall further believe that the men in charge of said car handled the same with such care as a man of ordinary prudence would have done under like circumstances, then you will find for the defendant, and so say. If those in charge of the car exercised due care the defendant was not liable, irrespective of the fact of his boarding it without permission, or his intelligence. Railway v. Bryant, 27 S. W. Rep., 825; Railway v. Conroy, 83 Texas, 214; Railway v. Chambers, 73 Texas, 296; Sherman v. Railway, 4 Am. and Eng. R. Cases, 589, s. c. 72 Mo., 62; Nolan v. Railway, 53 Conn., 461, 4 Atl. Rep., 106; Railway v. Stumps, 55 Ill., 367.

The Court erred in giving the following charge: "To entitle the plaintiff to recover he must show by the evidence that he was injured by the negligence of the men who handled said car in the manner same was handled, or by showing that they invited him to board the same, and that it was negligence in them to so invite him, if you find they did do so." By the charge given the jury had a right to infer that defendant would be liable if those in charge of the hand-car were guilty of negligence in the mere act of inviting plaintiff on the hand-car.

The charge made the defendant liable if the men negligently invited the plaintiff to board the car, without regard to whether or not they had any authority or were of such character as to bind the defendant by their acts.

The charge made the defendant liable if the men negligently invited the boy on board of the car, without reference to whether or not such negligence caused or contributed to the accident in question. Railway v. McAtee, 61 Texas, 695; Railway v. Welch, 27 S. W. Rep., 166; Fordyce v. Yarbrough, 1 Texas Civ. App., 264; Cooley on Torts, 68.

The men in charge of the push-car were employed to perform certain work, to-wit, repair of bridges, etc.; any invitation from them to the plaintiff was beyond the scope of their employment and could not bind the company.

A push-car cannot be considered as alluring and dangerous machinery,

and the doctrine of the turn-table cases applied to injuries received thereon.  Barney v. Railway (Mo.), 28 S. W. Rep., 1071; Railway v. Black, 87 Texas, 160.

The railway company was not liable for the unauthorized act of its servants in permitting boys to ride upon the cars.  Sherman v. Railway, 72 Mo., 62.

Unless a child is of very tender years, the question of whether or not he should be chargeable with negligence is one exclusively for the jury. Railway v. Simpson, 60 Texas, 103; Cook v. Navigation Co., 76 Texas, 353.

Even if he is to some extent of immature years and discretion, he is held to that degree of care which could reasonably be expected from children of like age and intelligence.  Railway v. McDonnell, 43 Md., 534; Dowling v. Railway, 90 N. Y., 670; Railway v. Lewis, 79 Pa. St., 33.

*Smith & Wear,* for defendant in error.—If the plaintiff was a child of young and tender years, lacking in discretion, as alleged, and the servants operating the hand-car knew that said child was in a position of peril or was attempting to place himself in a position of danger with reference to the moving car, or could have known these facts by the exercise of ordinary vigilance and care, and under such circumstances failed to exercise ordinary care and diligence to prevent injury to him, and as a consequence he is injured, it would be actionable negligence. Cook v. Navigation Co., 76 Texas, 357; McDonald v. Railway Co., 86 Texas, 13; Thompson v. Railway, 32 S. W. Rep., 191; Railway v. Cullen, 29 S. W. Rep., 256; Railway v. Dawkins, 77 Texas, 228; 4 Am. & Eng. Encycl. Law, 939, note 3.

The verdict being authorized by the evidence and the justice of the case having been reached, the omission in the court's charge ought not to cause a reversal of the case.  Hill v. Railway, 80 Texas, 431; Sypert v. McCowen's Executors, 28 Texas, 636; Bank v. Jones, 18 Texas, 811; Case v. Jennings, 17 Texas, 662.

The dangerous position of appellee being known to the employees of appellant, their failure to use such ordinary care as would have prevented the injury renders the appellant liable, and the error complained of is therefore immaterial.  Railway v. Robinson, 4 Texas Civ. App., 121; Railway v. Hauks, 78 Texas, 300; Railway v. Weisen, 65 Texas, 443; Railway v. Smith, 52 Texas, 178; Rozwadosfskie v. Railway, 1 Texas Civ. App., 493.

The evidence being uncontradicted on the issue of tender years and lack of discretion, renders the alleged error in the charge harmless.  Cook v. Navigation Co., 76 Texas, 357; Thompson v. Railway, 32 S. W. Rep., 191; Railway v. Cullen, 29 S. W. Rep., 256; White v. Water Works, 29 S. W. Rep., 252.

The charge, in connection with special charge asked by appellant, required the jury to find that appellee had sufficient intelligence to comprehend the dangers incident to boarding the car, and that he failed to

exercise that degree of care that persons of his age and maturity of judgment and discretion would ordinarily use under such circumstances, before they could find for the plaintiff.   Rost v. Railway, 76 Texas, 168; Cook v. Nav. Co., 76 Texas, 357; Thompson v. Railway, 32 S. W. Rep., 191.

As a condition precedent to plaintiff's right to recover, the jury are required by the charge to find that he had sufficient intelligence to comprehend the danger incident to boarding the car, and that being found the plaintiff had a right to recover irrespective of the question whether he boarded with or without permission.   Thompson v. Railway, 32 S. W. Rep., 191.

*Hogg & Robertson,* for defendant in error, filed motion for rehearing and argument in support thereof.   The motion was overruled.

BROWN, ASSOCIATE JUSTICE.—Sam H. Rodgers by his next friend sued the railway company to recover damages for personal injuries inflicted upon him by the alleged negligence of its servants in operating one of its hand or push-cars.   Upon a trial before a jury he recovered the sum of $5000, from which the railway company appealed, and which judgment was affirmed by the Court of Civil Appeals.   The conclusions of fact as found by the Court of Civil Appeals are as follows:

"The appellee, at the time of the accident, a boy between twelve and thirteen years old, of immature judgment and discretion, was negligently permitted by appellant's servants, while operating on its road one of its hand-cars, to board said hand-car while in motion, which was dangerous to a child of appellee's immature discretion, which danger was known to appellee's servants in charge of and operating the car; and afterwards, through the careless and negligent acts of appellant's servants in operating the car, the appellee was, without any contributory negligence on his part, thrown upon the track and run over by the car, whereby he sustained serious and permanent injuries, to his damage in the sum of $5000."

The trial court charged the jury as follows:   "If you believe that said plaintiff was ordered to keep off said car, but that he failed to heed said order, and did not enter said car, and was thereby injured as alleged in the petition, and that he had sufficient intelligence to comprehend the danger incident to boarding said car, but shall further believe that he was injured by the gross negligence of the employees operating said car, as hereafter explained; and that such negligence, if any, was the immediate approximate cause of said injury, then you will find for the plaintiff." The plaintiff in error assigned error upon this charge in the Court of Civil Appeals, which was overruled, and the action of the court in giving the charge and of the Court of Civil Appeals in refusing to sustain the assignment of error is presented in the petition of the plaintiff in error as a ground for a reversal of the judgments of said courts.

The trial court in its charge defined gross negligence as follows:

"Gross negligence, as the words are used in this charge, means the omission of that care which even inattentive and thoughtless men never fail to take of their own property."

The effect of the charge of the court first copied above is to tell the jury that if the plaintiff was guilty of negligence which proximately contributed to his injury, yet if the employes of the defendant were guilty of gross negligence which caused the injury, the plaintiff would be entitled to recover judgment for such injury. The facts stated in the charge would unquestionably constitute contributory negligence on the part of plaintiff, and, unless the doctrine of comparative negligence obtains, this charge must be held incorrect. Our courts have expressly repudiated the doctrine of comparative negligence, whereby a party who is guilty of negligence himself is permitted to recover of another party because the defendant is guilty of a greater degree of negligence. (McDonald v. Railway, 86 Texas, 1.) In the case last cited this identical question was before the court, and it was then said: "The question then is whether the ordinary negligence of the plaintiff will defeat a recovery if the negligence of the defendant contributing to the injury is gross? In Railway v. Garcia, 75 Texas, 591, it is said, 'The effect of contributory negligence on plaintiff's right to recover has been recognized in all cases passed upon by this court in which it was involved, and the rule fixing liability or denying it on the basis of comparative negligence has been condemned, but it seems to us that the doctrine here invoked on behalf of the plaintiff is the rule. of comparative negligence in its simplest·form.' That rule is defined by Sherman and Redfield as follows: 'The true rule of comparative negligence must be that if the defendant has been guilty of gross negligence, and the plaintiff guilty only of such ordinary negligence as, when compared with the negligence of the defendant, might be called slight, though not slight when considered by itself alone, the plaintiff·may recover.' * * * The doctrine that any degree of negligence which may be gross on the part of the defendant will enable a plaintiff to recover notwithstanding his own negligence, is unsound in principle." The doctrine here laid down is clearly and fully applicable to the charge under consideration. It is the statement of comparative negligence in its simplest form, and is therefore contrary to the rules of law established by the decisions of this court.

It is urged on the part of the defendant in error that, if the foregoing charge be considered erroneous, it was corrected by the giving of the following charge asked by the defendant: "You are instructed that even though you should, under other instructions given herein, find that the defendant was negligent, still, if you believe from the evidence that the plaintiff was also negligent, and that his negligence contributed so proximately and directly to the production of his injuries that but for it he would not have been hurt, you will find for the defendant, unless you believe from the evidence that plaintiff was at the time a youth of immature judgment and discretion, and that on account of such immaturity of judgment and discretion he was unable to understand the nature and

extent of the peril to which he was exposed; in which event, in order to prevent a recovery by him on the ground of his contributory negligence, you must believe from the evidence that he failed to exercise that degree of care that persons of his age and maturity of judgment and discretion would ordinarily use under such circumstances." The special charge given does not embrace the same proposition as that given by the court hereinbefore quoted, and it could not have been understood by the jury as intended to correct that charge. This is made more evident by other portions of the charge of the court, but if it were true that the special charge asked by the defendant and given by the court asserted a proposition diametrically opposed to that stated in the charge complained of, this would not have cured the error. The giving of a contradictory charge does not correct the error which the court may have committed in the general charge given. "The proper way to effect such correction would be to withdraw the erroneous charge and substitute that which was correct." When the two charges given are in direct conflict, the jury is certainly left without proper direction upon the issue. How could a jury determine as to which of the charges should govern them in finding their verdict? (Railway v. Robinson, 73 Texas, 277; Railway v. Welch, 86 Texas, 203.) For the error committed by the court in the charge given by it as quoted above, this case must be reversed.

Other errors are assigned in the application for writ of error, based upon the ruling of the District Court in sustaining exceptions, excluding evidence, and refusing special charges asked by the defendant which raised these questions:

1. That it devolved upon the plaintiff in this case to prove that the employes of the defendant had authority to invite or to permit him to ride upon the push-car.

2. That if the rules prescribed by the railway company forbade its employes to permit persons to ride upon such cars, then the plaintiff could not recover, although he was ignorant of such rules, unless the permission was given by some officer or employe who had the right to direct the use of the car for that purpose.

We do not deem it necessary in this case to discuss particularly the assignments of error upon which these propositions are based, but in view of another trial we think it proper that we should express our views of the law which ought to govern the court in reference to this case as developed by the facts.

Whether or not the plaintiff was of immature years and so wanting in intelligence that he could not appreciate the danger of getting upon the car is a question of fact to be found by the jury, under the evidence that may be adduced on another trial. Cook v. Navigation Co., 76 Texas, 353; Evansich v. Railway, 57 Texas, 128. Upon this issue of fact the defendant has the right to have the law given to the jury as applicable to both phases of the case. If the jury should find that the plaintiff by reason of his age and want of intelligence was not capable of appreciating the danger of getting upon the car, and that the employes of the

railway company invited or permitted him to get upon it, and if it should appear that to ride upon such a car was dangerous for a child of his age, and further that the act of getting upon the same under the circumstances was such as might have been done by a child of his age and intelligence, the defendant would be liable to him for the injuries inflicted, although its employes may have been forbidden to permit any one to ride upon said car.   Disobedience of orders by its servants in such case would not be available to the defendant as a defense to the action.   Cook v. Navigation Co., cited above.   If, however, the jury should find that the plaintiff had such a degree of intelligence that he could and should have appreciated the danger of his act, then the burden would be upon him to prove that the person or persons who invited or permitted him to ride upon the car had authority so to do, and the rules of the company forbidding employes to permit persons to ride upon such cars would be admissible upon this issue, whether the plaintiff knew of their existence or not.   If the proof should show that the employes had such authority, this would only affect the degree of care due to plaintiff under the circumstances, but would not relieve him of the consequences of his own negligence, if any, in boarding the car.   If the employes had no such authority, then the defendant cannot be held liable for the injuries received by the plaintiff, although such employes may have been guilty of negligence.   Railway v. Cock, 68 Texas, 713; Railway v. Dawkins, 77 Texas, 228.

For the error of the District Court in giving the charge complained of, and before quoted, and the error of the Court of Civil Appeals in not sustaining the assignment of errors predicated thereon, the judgments of the District Court and Court of Civil Appeals are reversed and this cause is remanded.

*Reversed and remanded.*