Missouri, Kansas & Texas Railway Company of Texas
v. Ben Tonahill.

Delivered June 26, 1897.

1. **Charge of Court—Question Not Raised.**

In an action for personal injuries, a charge that even though defendant's agents and employes were negligent, if the jury believe that plaintiff was also negligent, and his negligence contributed so "proximately and directly" to the production of his injury that but for it he would not have been hurt, the jury will find for defendant, is erroneous, where the question of proximate cause is not raised by the evidence.

2. **Practice on Appeal—Erroneous Charge Requested.**

A judgment will not be reversed for an erroneous charge, where appellant requested a similar instruction.

3. **Railroad Company—Personal Injuries—Liability to Minor for Diminished Earning Capacity.**

A railway company which negligently inflicts injury upon a minor while his mother is living is liable for the diminished ability of the minor to earn wages by reason of the injury, after the mother's death and during his minority, where no claim for damages was made by the mother, and no settlement for the same was made in any manner with the company.

4. **Pleading—Personal Injuries to Minor—Defensive Matter.**

It is the duty of a railway company, in an action by a minor for personal injuries received while his mother was living, to plead any reason preventing such minor from

recovering for diminished ability to earn wages during his minority after the mother's death, where the latter dies before the commencement of the action.

**5.  Railroad Company—Personal Injuries to Minor—Liability For—Charge of Court.**

A railway company is not liable for an injury to a boy while attempting to get on board a freight train at the invitation of an employe who had no authority to give the same, if at the time of the accident he had such a degree of intelligence that he could and should have appreciated the danger of his act; and the jury should be so instructed.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*T. S. Miller* and *Stanley, Spoonts & Thompson,* for appellant.—1. Under the facts of this case, the submission of the question to the jury as to whether or not the alleged negligence of plaintiff below contributed so proximately and directly to the production of his injuries that but for it he would not have been hurt, tended to mislead and confuse the jury. Railway v. Rowland, 38 S. W. Rep., 756; Railway v. McCoy, Id., 36.

2. Under the facts and pleadings in this case plaintiff could only recover on account of diminished capacity to earn money after he arrived at the years of his majority. If there was any reason why plaintiff should have been allowed to recover for diminished capacity to earn money before reaching the age of 21 years, the same should have been specially pleaded. Mellinger v. City of Houston, 68 Texas, 37; Odum v. Garner, 86 Texas, 374.

3. If the person who may have extended the invitation to the plaintiff below had no authority to do so, and the boy had such a degree of intelligence as to appreciate the danger of his act, the company was not liable, and the jury should have been so instructed. Railway v. Rogers, 36 S. W. Rep., 243; Railway v. Black, 87 Texas, 160.

*McKinnon & Carlton,* for appellee.—1. A minor child without parents is entitled to recover on account of its diminished capacity to earn money from the time of the death of the last surviving parent. Railway v. Witten, 11 S. W. Rep., 1091.

2. The plaintiff having pleaded his right to recover on account of the diminished capacity to earn, it was incumbent on the defendant to plead and prove any defense that it may have had to this part of his cause of action. Rev. Stats., art. 1266; Hahn v. Broussard, 3 Texas Civ. App., 481.

RAINEY, ASSOCIATE JUSTICE.—Ben Tonahill, by next friend, filed his suit in the District Court of Hill County, against the Missouri, Kansas and Texas Railway Company of Texas, in which he alleged that while living at Geneva, a station on the line of the defendant railway company, he received injuries resulting in the loss of a leg, caused by one of the cars of the defendant company running over same. He alleged that at the time he was about 11 years of age, of immature judgment and discretion, and that while he was standing on the platform of the depot at said town a freight train belonging to defendant was in the act of leaving

said depot going south, and that one of the agents and employes of the company on said train, seeing him, invited him to get upon said train, and he, not knowing that his action would be attended with danger, attempted to get upon same and got hold of a fastening on one of the cars, but his hold being infirm he was shaken loose and fell in front of a moving car, causing the loss of his leg as aforesaid. He alleged that on account of his tender years it was the duty of the company's agents and employes to warn him not to approach or attempt to board its train of cars, and not to permit him to approach or attempt to board its train; and that the company, its agents and servants, seeing him and knowing of his danger, failed and refused to warn him not to approach or attempt to get on said train, and negligently failed and refused not to permit plaintiff to approach or attempt to get on said train of cars, but negligently allowed and encouraged plaintiff to approach and attempt to board said train, thus directly causing the accident alleged.

The defendant answered by general denial, and special answer to the effect that, if plaintiff was injured while attempting to get on the train, the same was a freight train, and that no one had authority to invite him on same; that at said time plaintiff was familiar with the movement of trains, and knew of the danger connected with same, and that he in a reckless manner attempted to board same while in motion, and being fully aware of the danger he attempted to get on said train, without any warning to the persons operating the same, and that this negligence directly caused and contributed to the accident.

A trial resulted in a judgment in favor of plaintiff below for the sum of $6000. Motion for rehearing having been overruled, appellant perfected appeal to this court.

The plaintiff introduced evidence tending to establish the allegations of his petition, while the evidence of the defendant tended to show that the accident was not caused through the negligence of its servants. The evidence fully established the fact that plaintiff's attempt to get on the moving train was the cause of his injuries.

Appellant complains of the following paragraph of the court's charge, to wit: "In this connection you are further instructed that even though you should, under the instructions given herein, find that the agents and employes of the defendant were negligent, still if you believe from the evidence that the plaintiff was also negligent, and that his negligence contributed so proximately and directly to the production of his injuries that but for it he would not have been hurt, you will find for the defendant; unless you believe from the evidence that plaintiff was at the time a youth of immature judgment and discretion, and that on account of such immature judgment and discretion he was unable to understand the nature and extent of the peril to which he was exposed, in which event, in order to prevent a recovery by him on the ground of contributory negligence, you must believe from the evidence that he failed to exercise that degree of care that persons of his age and immaturity of judgment and discretion would ordinarily use under like circumstances."

The contention of appellant is, that the evidence did not raise the question of proximate cause of the injury, and it was error for the court to instruct the jury upon that point, and said instruction tended to mislead and confuse the jury.

Under the holdings of our Supreme Court in the cases of Railway v. Rowland, 38 Southwestern Reporter, 756, and Railway v. McCoy, 38 Southwestern Reporter, 36, we are of opinion that said charge was erroneous, and should not have been given. The appellant requested a charge similar to this, which was refused by the court. Having requested a similar charge would prevent a reversal of the judgment on this ground; but as the judgment will have to be reversed upon other grounds, we deem it best to call attention to this error in the charge, to prevent a repetition thereof on another trial.

On the measure of damages, the court's charge to the jury is as follows: "If, under the evidence and the instructions herein given you, you should find for the plaintiff, you are charged that in determining the amount of your verdict you may look to the age of the plaintiff, the nature and character of the injury inflicted, the mental and physical pain caused by the injury, and plaintiff's diminished capacity to earn money on account of said injury. He could not, however, recover anything on account of his diminished capacity to earn money up to the time of the death of his mother."

The appellant complains of this charge, and submits two propositions: "(1) Under the facts and pleadings in this case, plaintiff could only recover on account of diminished capacity to earn money after he arrived at the years of his majority. (2) If there was any reason why plaintiff should have been allowed to recover for diminished capacity to earn money before reaching the age of 21 years, the same should have been specially pleaded."

The facts show that at the time the injury occurred the plaintiff's mother was living. She died eighteen months thereafter, and this suit was brought subsequent to her death. Plaintiff's petition alleged that the mother was living at the time of the accident, but nothing was said about her being dead at the time the suit was brought. Under the law of this State, the parent is entitled to the services of a minor child until the age of majority is reached, and when injury is inflicted upon the minor for which an action for damages will lie, a parent is entitled to recover for the diminished earning capacity by reason of such injury during the minority of such child. Railway v. Morine, 66 Texas, 132. If, at the time of the injury the minor is, for any reason, emancipated, it would be entitled to recover for the damages received. Railway v. Witten, 74 Texas, 202.

The question then arises, was the plaintiff herein debarred the right to recover for incapacity to earn wages by reason of the injury, because at the time such injury was inflicted his mother was living and entitled to his services, although she died long before his majority—she never having

recovered any damages from said company therefor, or in any manner made any settlement for the same with said company.

The theory upon which the right of the parent to recover for the services of a minor child is based is the duty of the parent to maintain and educate the child during its minority. When the child becomes emancipated from any cause, it then is entitled to remuneration for its services and to recover damages for a wrong that lessens its capacity to earn money. After the death of the mother of plaintiff, he was entitled to receive pay for his services when rendered. If the railway company negligently inflicted injury upon him by which his earning capacity was diminished, we see no reason why he should not be entitled to recover—said railway company never having responded in damages therefor. Although the right of action at the time of the accident accrued in the mother, and she would have had at any time before her death a right to recover of the railway company damages for the loss of the services of the child to his majority, yet, she having failed to do so, the appellant would not be relieved from paying to the plaintiff such damages as may have accrued to him by reason of the injury after the death of the mother. The damage that accrued to the mother in this case was the loss of the child's services up to her death, while the damage inflicted upon the child was such as might accrue on account of its diminished capacity to earn money during its life.

We think the pleadings were sufficient to entitle plaintiff to recover for the diminished capacity to earn from the date of its mother's death. If there was any reason that prevented him from recovering, it was the duty of the railway company to plead it. None was pleaded by the railway company, nor was there any reason given in its motion for new trial which would show that appellant was injured by reason of surprise.

Appellant complains of the court for refusing to give the following requested charge: "If the jury should find from the evidence that plaintiff, at the time of the accident, had such a degree of intelligence that he could and should have appreciated the danger of his act, then the burden would be on plaintiff to show that the person who invited him to get on the train, if there was such an invitation, had authority to do so; and in the absence of such authority, under the circumstances, the jury should find for the defendant."

We think this charge should have been given. One of the allegations of plaintiff's petition was that an employe of the defendant had invited the plaintiff to board the train. The evidence of the plaintiff was to the effect that such invitation was given, and the court in its charge refers thereto; but the court fails to charge upon the effect of such invitation if said employe had no authority to extend it. The evidence shows that this was a freight train, and not allowed to carry passengers. Such being the state of the evidence, the servants of appellant were not authorized to invite parties to ride upon the train, and thereby bind the company. So, the invitation to appellee to board the train would not make the company liable for the injuries he received; and such invitation could

only be looked to to determine the negligence of appellant's servants in encouraging the appellee to board the train, or in preventing his boarding the train, if he was of immature age and not possessed of such degree of intelligence as to appreciate the danger of his act.

In this connection the appellant requested the following charge, which was refused: "Although the jury may believe from the evidence that an invitation was extended to the plaintiff, and that it was negligence of the person to so invite him, yet, if it appears from the testimony that he had no authority to do so, and that plaintiff possessed such a degree of intelligence as to appreciate the danger of his act, then plaintiff can not recover and the jury should find for the defendant."

The evidence shows that appellee was between eleven and twelve years of age. Whether or not he was possessed of such degree of intelligence as to make him responsible for his acts was a question for the determination of the jury. If he was of immature age, and not possessed of such degree of intelligence as to make him accountable for the consequences of his own acts, and the servants of appellant were negligent in encouraging him to board the train, or failed to use ordinary care to prevent his attempting to board said train, then appellant would be responsible for the injuries inflicted. If, upon the other hand, appellee was not laboring under such a disability, or was possessed of such degree of intelligence as to appreciate the danger of his act, then the invitation to him by appellant's servants to board the train would not render the appellant liable for the injuries resulting therefrom. Railway v. Rogers, 36 S. W. Rep., 243; Railway v. Black, 87 Texas, 160.

While the court in its charge, in a general way, instructed the jury on this point, it did not apply the law specifically to the facts; and as great stress seems to have been laid on the invitation of appellant's servants to appellee to board the train, we think the last special charge mentioned should have been given.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*