Houston East & West Texas Railway Company v. M. J. Greer.

Decided June 14, 1899.

### 1.  Railway Company—Degree of Care as to Passengers.

It was error for the court to charge that "while railway companies are not insurers of the safety of their passengers, still they are required to use the utmost care and to provide for the safety of their passengers, and the failure to use such care is negligence," since it is not their duty to provide for the safety of their passengers, but to use the highest degree of care to that end.

### 2.  Charge of Court—Reversible Error.

An erroneous charge upon a material issue is reversible error where its tendency is misleading and it is not clear that the verdict was not influenced thereby.

### 3.  Same—Degree of Care.

A charge requiring railway companies to exercise "that high degree of care which any cautious person in this line of business is accustomed to use in similar circumstances to prevent danger," is subject to criticism in the use of the word "any."

Appeal from Nacogdoches.  Tried below before Hon. Tom C. Davis.

*Baker, Botts, Baker & Lovett, J. C. Feagin,* and *O. S. Parker,* for appellant.

*Branch, Garrison & Blount,* for appellee.

James, Chief Justice.—This case is similar in its nature and facts to the case of Railway v. Summers, reported in 48 Southwestern Reporter, 1106.

The third assignment is disposed of by the opinion of this court in that case, for reasons applicable here.

The fifth assignment of error is founded upon the theory that the uncontradicted evidence shows that the highest degree of care by skilled persons at the factory was used in testing the wheel (that was broken), and failed to discover any defect therein, and that it was perfect when it left the factory.  The testimony was not such as would have warranted the court in assuming and charging that fact.

The refused charges referred to in .the sixth and eighth assignments were also disposed of, and reasons given therefor, in the Summers case.

The ninth assignment is subdivided into paragraphs.  Paragraphs E, H, and G have likewise been disposed of in the Summers case, with reasons therefor.  Paragraph B complains of the following clause of the charge: "It is the duty of a railway company to use such a high degree of care and foresight in protecting its passengers from possible dangers, and to exercise such a high degree of prudence in guarding against them as would be used by a cautious, prudent, and competent person under the same or similar circumstances.  While railroad companies are not to be regarded as the insurers of the safety of their passengers, still they are required to use the utmost care, and to provide for the safety of their passengers; and the failure to use such care and caution is negligence."

The clause is inconsistent with itself and with other parts of the charge. It was not the duty of the railway company to provide for the safety of its passengers, but to use the highest degree of care to that end. In defense of this expression of the charge it is contended that the jury were not misled by it, in view of all the expressions of the charge. The mere fact that the charge is conflicting in this important matter, to wit, the extent of the care imposed by law upon the defendant for the safety of the passenger, or in other words negligence, is enough, under the authority of numerous decisions, to require the judgment to be reversed. The tendency of it was to mislead the jury, and it is not clear, nor reasonably so upon the whole case, that the verdict was not influenced by it. It can not be told how far reaching and subtle its effect was. Railway v. Greenlee, 62 Texas, 344; Linney v. Wood, 66 Texas, 22; Railway v. Robinson, 73 Texas, 277; Railway v. Rodgers, 89 Texas, 680. For this we are required to reverse the judgment.

Another clause of the court's charge is questioned, as follows: "And if you believe from the evidence that the wreck in which plaintiff claims to have been injured was accidentally brought about by some defect which could not have been foreseen and provided against by the defendant by the exercise of that high degree of care and skill which any cautious person in this line of business is accustomed to use in similar circumstances to prevent danger, then plaintiff would not be entitled to recover." The point made is to the use of the words, "any cautious person." The wording of the entire clause seems to us to relieve it of the objection. But it is probable that the use of the word "any" was inadvertent, and that upon another trial the alleged defect will not exist. Reversed and remanded.

*Reversed and remanded.*