CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v.
R. MARTIN ET AL.

Decided March 12, 1904.

**1.—Contributory Negligence—Riding on Freight Train.**

Where, in violation of the known orders of the railroad company, though with the permission of the conductor, deceased took passage on a freight train, and voluntarily assumed a dangerous position thereon, going upon an open flat car instead of into the caboose, and was killed through a derailment of the train caused by running it at an excessive rate of speed over a rough track, he was guilty of such contributory negligence as precluded a recovery for his death. Following Railway v. Rogers, 93 Texas, 677.

**2.—Same—Charge Assuming Negligence.**

Under such facts the court would have been warranted in giving a charge which assumed that deceased was guilty of contributory negligence in so riding upon the train if he knew the rule was in force forbidding persons to ride on freight trains, and that the officers of the company were trying to enforce the rule, although the conductor may have given him permission to ride thereon.

**3.—Same—Duty Toward Trespasser—Excessive Speed.**

Running a freight train at an excessive rate of speed is not in itself such a reckless disregard of human life as will render the company liable for the death caused thereby of one who is a trespasser on the train.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robt. Harrison,* and *T. J. McMurray,* for appellant.

*R. E. Carswell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Joe Martin, a boy over 16 years old, was killed February 11, 1903, in a wreck caused by the negligence of appellant's servants in running a freight train, on which he was riding, at a dangerously high rate of speed over a rough track, which resulted in breaking the flange of a wheel and the derailment of the train.

The deceased, according to the allegations of the petition, was "well grown and of good judgment for a person of his age;" and, according to the testimony of his father, "was a very bright boy, quick to catch on, attentive, and intended to make a railroad man of himself." He was familiar with the operation of railroad trains, and, it is not to be doubted, knew it was against the rule of the company for him to ride on a freight train. While the evidence warranted a finding that the train crew knew he was on the train, and even that the conductor had invited him to ride, though it was conflicting on this issue, and that they were guilty of negligence in running the train over a rough track at a rate of speed as high as sixty or sixty-five miles an hour, it also showed that deceased chose perhaps the most dangerous place on the train—a flat car about the middle of a long freight train—and that he would not have been hurt if he had been in the caboose.

We see no escape from the conclusion that in thus undertaking to

ride on a freight train, in known violation of an established rule of the railway company, even at the invitation of the conductor, the deceased was guilty of such contributory negligence as precludes the recovery sought and obtained by his parents in this case. It is not pretended, or at least the case was not tried on that theory, that the conductor or others engaged in the operation of the train showed such a reckless disregard of human life in the manner of running the train as to warrant the inference that they intended to kill or injure the deceased. Nor is it pretended or can it be maintained that the relation of carrier and passenger existed. The full extent of appellant's duty therefore was that of exercising the care of a person of ordinary prudence not to injure the deceased, and this, with contributory negligence, was the only issue submitted in the charge. Wilcox v. Railway, 11 Texas Civ. App., 487, 33 S. W. Rep., 379; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 618; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20, 29 S. W. Rep., 233; Missouri K. & T. Ry. Co. v. Rodgers, 89 Texas, 675, 36 S. W. Rep., 243; Gulf C. & S. F. Ry. Co. v. Cunningham, 30 S. W. Rep., 368. In the case first cited, which was quite similar to the one before us, Justice Williams, after announcing that one taking a free ride, with the assent of the employes, against the known rules of the company, was not a passenger, used this language: "It does not follow that because he was not a passenger he had no rights whatever. There was the duty resting upon those operating the engine, if they knew of his presence, to avoid injuring him so far as by the exercise of ordinary care they could do so. A failure to exercise such care may be admitted to have been a breach of the duty which the circumstances imposed upon them; and if he could escape the charge of contributory negligence, appellant might have had a right to recover." Then follows a discussion of the issue of contributory negligence, which seems altogether appropriate to the facts of this case, leading to the conclusion that the person injured, in that instance by a derailment of the engine due to the high rate of speed at which it was negligently and recklessly run, could not recover because of his own negligence in getting on the engine and riding on the footboard thereof, although this was done with the knowledge of those operating the engine, they having given him permission to ride. It was distinctly held in that case, in which writ of error was refused, that recovery should be denied "one injured by the mere negligent running of the engine, when, at the time of the injury, he is, without right to be there, in a situation where his mere presence is negligence." The opinion of Justice Brown in Railway v. Rodgers, 89 Texas, 675, is to the same effect, as are also the following, among other cases, decided by the Courts of Civil Appeals: International & G. N. Ry. Co. v. Hanna, 58 S. W. Rep., 548; Missouri K. & T. Ry. Co. v. Tonahill, 16 Texas Civ. App., 625, 41 S. W. Rep., 875.

The court therefore erred in not granting a new trial on the ground that the deceased was guilty of contributory negligence.

We are also of opinion that the facts of this case would have war-

ranted the court in giving the following charge requested by appellant, notwithstanding the general rule prohibiting the judge from charging the jury that given facts constitute negligence when the law has not so declared: "The defendant asks the court to charge the jury that if they believe that at the time Joe Martin boarded this train, the same was a freight train, equipped and prepared only for the carriage of freight; that he took an extra hazardous position upon it and was thus injured, and that the defendant company had in force at said time a rule and bulletin prohibiting the carrying of passengers upon this freight train, and that the deceased knew at the time he boarded this freight train and knew at the time the said train was wrecked that said rule was in force, and that the officers of said company were trying to enforce the same, and the train crew had no right to relax or abrogate said rule, then you will find for the defendant, even though you may believe that the conductor of said train knew and consented to deceased riding on said train."

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

The motion for rehearing is overruled. But in obedience to the suggestion therein made judgment will be here rendered in favor of appellant, the appellees, as we construe their suggestion, having waived their right to have the cause remanded.

Writ of error refused.