CITIZENS RAILWAY COMPANY v. MRS. MATTIE SINCLAIR.

Decided June 1, 1904.

**1.—Carrier of Passengers—Degree of Care.**

The duty of a carrier of passengers is not absolutely to furnish cars or to operate them in a manner which shall be reasonably safe, but only to exercise a high degree of care so to do.

**2.—Charge.**

Affirmative error in an instruction is not corrected by a proper statement of the law in other portions of the charge.

Appeal from the District Court of McLennan. Tried below before Hon. Sam. R. Scott.

*Clark & Bolinger,* for appellant.

*J. T. Sluder* and *J. T. Yantis,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff for $5200, and the defendant has appealed.

We sustain the fourth assignment of error, which complains of the following paragraph ot the court's charge: "You are charged that it is the duty of the defendant railway company, in operating its cars for the purpose of transporting passengers in the city of Waco, to furnish and provide reasonably safe cars for the purpose of transporting said passengers in said city, and it is further the duty of said defendant railway company to cause said cars to be operated in a reasonably safe manner, and a failure upon their part to provide either reasonably safe cars for the public or to permit said cars to be operated in an unsafe manner would constitute in law negligence upon their part."

The plaintiff was a passenger on one of defendant's cars, and while the defendant owed her that high degree of care (International & G. N. Ry. Co. v. Welch, 86 Texas, 204), it was not its absolute duty to furnish her a reasonably safe car, nor to operate the same in a safe manner. The measure of its duty was to exercise the highest degree of care referred to in the case cited, for the purpose of furnishing a safe car, and operating it in a safe manner. Texas & P. Ry. Co. v. McCoy, 90 Texas, 266; San Antonio & A. P. Ry. Co. v. Lynch, 55 S. W. Rep., 517; Houston E. & W. T. Ry. Co. v. Greer, 22 Texas Civ. App., 5.

It is contended on behalf of appellee that if the paragraph referred to was erroneous it was corrected in subsequent portions of the charge, submitting the case affirmatively to the jury. It is true that in subsequent paragraphs the court defined ordinary care and negligence; and in submitting the case, used this and other similar expressions: "and if you further find that a person of ordinary care would not have left said car standing at said place, under the same or similar circumstances," etc., but in no place did the court tell the jury, in so many words, that if

they failed to so find, to return a verdict for the defendant. The most that can be said in support of the contention urged by appellee is that the paragraph of the charge complained of is in conflict with subsequent paragraphs, but this does not relieve the charge from the objection urged against it. San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; Missouri K. & T. Ry. Co. v. Rodgers, 89 Texas, 675; Houston E. & W. T. Ry. Co. v. Greer, 22 Texas Civ. App., 5; Missouri K. & T. Ry. Co. v. Mills, 27 Texas Civ. App., 245.

On the other questions of law presented in the briefs we rule against appellant. For the error poined out in the charge of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*