## TEXAS ELECTRIC RY. CO. v. JONES.
### (No. 329–3682.)

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

1. **Trial 253(4)—Instruction erroneous as authorizing recovery by servant without finding that master's negligence proximate cause of injury.**

In a servant's action for injuries, an instruction that, if the injury was not the direct and proximate result of a risk ordinarily incident to his employment, plaintiff could recover, was incorrect, as not requiring the jury to find that defendant's foreman was negligent, nor that such negligence was the proximate cause of plaintiff's injuries.

2. **Appeal and error 1031(6)—Erroneous charge not cured by fact that verdict responsive thereto might have responded to correct charge also given.**

Where a charge given to the jury is erroneous as a matter of law, and a verdict responsive thereto is returned, the error is not cured by the fact that such verdict might have been returned in response to another and correct charge also given.

3. **Trial 295(1)—Instructions considered as a whole and trivial errors not ordinarily ground for reversal.**

Instructions must be considered as a whole, and trivial errors which are not reasonably calculated to confuse or mislead, when read in the charge as a whole, are not ordinarily ground for reversal.

4. **Appeal and error 1064(1)—Error in instruction not corrected or rendered harmless ground for reversal.**

Where an instruction was not a correct proposition of law properly applied to facts on a vital issue, and was not corrected nor rendered harmless by either instructions, it is grounds for reversal.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by P. J. Jones against the Texas Electric Railway Company. From judgment of Court of Civil Appeals (231 S. W. 823), affirming judgment for plaintiff, defendant brings error. Reversed and remanded to district court for another trial.

Templeton, Beall, Williams & Callaway, of Dallas, and Wear & Wear, of Hillsboro, for plaintiff in error.

Morrow & Stollenwerck, of Hillsboro, for defendant in error.

GALLAGHER, J. P. J. Jones, defendant in error herein, was plaintiff, and Texas Electric Railway Company, plaintiff in error herein, was defendant in this case in the district court of Hill county. For convenience the parties will be designated as they appeared in that court. Plaintiff sued to

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

recover of defendant damages for injuries to his person which he alleged he received while in the employ of defendant. He alleged, in substance, that he was employed as a section hand under one Gibson as foreman; that defendant furnished a motorcar, commonly called a hand car, to transport said foreman and its other employés from place to place; that said motorcar had been stopped on a siding to allow a passenger coach to pass; that said foreman then ordered him and the other employés to push said motorcar along the track for the purpose of causing the gasoline to ignite and start the engine used to propel it; that while doing so the engine started; that it was then his duty to jump onto said car, and that he attempted to do so, but that the said foreman, who was operating and controlling the same, negligently applied the gas, and caused said car to give a sudden jerk forward, and caused him to be thrown forward down in front of said car, and that said car ran over him, and thereby inflicted the injuries of which he complained.

The defendant pleaded general denial, assumed risk, and contributory negligence. There was a trial before a jury. Plaintiff testified concerning the accident substantially as alleged in his pleadings. The defendant introduced evidence in substance that plaintiff was sitting on said motorcar while other employés were pushing the same back in the direction from which it had come, and that the engine would not, on this account, start from pushing unless it was reversed; that the engine was not running, and that the car was moving slowly about as fast as one would walk; that when it had gone about 25 feet plaintiff attempted to step off the car onto the track in front of the same, and slipped and fell; that if he had stepped off the side of the car, instead of in the front of it, he would not have gotten hurt; and that it would have been as easy for him to step off to the side of the car as in front.

After defining ordinary care, negligence, contributory negligence, and proximate cause, the court charged the jury that if the plaintiff, Jones, undertook in the usual way, without negligence on his part, to get onto the motorcar, and while doing so the foreman controlling and operating the same caused said car to give a sudden jerk forward, and caused plaintiff to be thrown down in front of the car and to be run over or against, and injured as alleged, to find for the plaintiff, unless they further found that plaintiff was guilty of contributory negligence. The court in that immediate connection charged the jury that if they found from the evidence that plaintiff was guilty of contributory negligence and sustained the injury complained of as a direct and proximate result thereof, to find for the

defendant. The court further charged the jury that the burden was on the plaintiff to make out his case by a preponderance of the evidence, but he nowhere charged that, unless they found from the evidence that the said foreman was negligent as charged, and that such negligence was the proximate cause of the injuries complained of by plaintiff, the defendant was entitled to a verdict.

The court submitted the issue of assumed risk as follows:

"You are charged that when the plaintiff, P. J. Jones, entered the employ of the defendant company, if he did, he assumed all the risks ordinarily incident to such employment, if any, and if you believe that his injury, if any, was the direct and proximate result of a risk ordinarily incident to his employment, if any, you will find for the defendant, though, if you should believe from a preponderance of the evidence that his injury was not the direct and proximate result of a risk ordinarily incident to his employment, if any, you will find for the plaintiff."

The jury returned a verdict for plaintiff, and assessed his damages at $1,000, and judgment was duly entered in his favor thereon. Defendant appealed, and the Court of Civil Appeals affirmed said judgment. 231 S. W. 823. The Supreme Court has granted a writ of error on application of the defendant railway. The defendant objected to the court's charge on assumed risk and particularly to that part of the same which told the jury:

"If you should believe from a preponderance of the evidence that his injury was not the direct and proximate result of a risk ordinarily incident to his employment, if any, you will find for the plaintiff."

The grounds of objection were that such charge made the whole case turn on whether the injury was a result of a risk ordinarily incident to the employment; that plaintiff, in order to recover, must show negligence on the part of the defendant, and that such negligence was the proximate cause of the injury, and that such charge was confusing and contradictory of the charge on the subject of contributory negligence. These objections were overruled, and defendant reserved an exception. The giving of said charge is assigned as error in this court as sole ground for a reversal of the judgments of the district court and the Court of Civil Appeals.

[1] Before the jury were authorized to find for plaintiff in any sum, it was necessary for them to find from a preponderance of the evidence that the injuries complained of by him were the proximate result of negligence of defendant's foreman, as alleged. There was a conflict in the evidence. A verdict for either party would not have been without evidence to support it. The charge

objected to, except as to the issue of assumed risk, was a peremptory charge to find for the plaintiff. It did not require the jury to find that defendant's foreman was negligent, nor that such negligence was the proximate cause of the injuries suffered by the plaintiff. It authorized the recovery of damages by plaintiff without such finding, and was therefore incorrect as a proposition of law.

[2] Where, as in this case, a charge given to the jury is erroneous as a matter of law, and a verdict responsive thereto is returned, the error is not cured by the fact that such verdict might have been returned in response to another and correct charge also given. It is impossible for the court to determine whether the verdict in this case was based on this peremptory charge or upon that paragraph of the charge authorizing a recovery by plaintiff if the jury found that he was injured as the result of negligence on the part of defendant's foreman. It might have been based on the one or the other. Burgher v. Floore, 107 Tex. 112, 115, 174 S. W. 819; Railway v. De Walt, 96 Tex. 121, 133, 134, 70 S. W. 531, 97 Am. St. Rep. 877; Baker v. Ashe, 80 Tex. 356, 360, 361, 16 S. W. 36; Railway v. Sage, 98 Tex. 438, 440, 441, 84 S.' W. 814; Railway v. Rogers, 89 Tex. 675, 679, 680, 36 S. W. 243.

[3] This case is ruled by the authorities above cited. It is distinguishable from the cases cited by the plaintiff. It is true as contended by the plaintiff, that the charge of the court must be considered as a whole, and that trivial errors therein which are not reasonably calculated to confuse or mislead the jury, when read in the light of the whole charge, are not ordinarily ground for reversal. Railway v. Smith, 65 Tex. 167; Railway v. Anchonda, 33 Tex. Civ. App. 24, 75 S. W. 557 (writ refused), and Pierce v. Schram (Tex. Civ. App.) 53 S. W. 716, cited and relied on by plaintiff, belong to this class.

Where a charge embodies only correct propositions of law, and properly applies the same to the facts, it is held that such charge is not confusing or misleading when considered as a whole because the court submits the issue upon which the plaintiff relies for recovery, and authorizes a recovery thereon without alluding to defensive issues, such as assumed risk and contributory negligence, and in subsequent paragraphs of the charge submits such issues and authorizes a verdict for defendant thereon. In such cases the several paragraphs of the charge are construed together as qualifying and complementing each other. Railway v. Matula, 79 Tex. 577, 15 S. W. 575, Railway v. Pearson (Tex. Civ. App.) 224 S. W. 709, Id. (Tex. Com. App.) 238 S. W. 1108, Skinner v. Texas & N. O. Ry. Co. (Tex. Com. App.)

Id. 1110, and Railway v. Walters (Tex. Civ. App.) 80 S. W. 668 (writ refused), also cited and relied on by plaintiff, belong to this class.

[4] The charge complained of in this case was not a correct proposition of law properly applied to the facts, but was affirmatively erroneous on the vital issue of plaintiff's right to recover, and it was not corrected nor rendered harmless by the other paragraphs of the court's charge. Railway v. Rogers, 89 Tex. 675, 678, 36 S. W. 243; Railway v. Welch, 86 Tex. 203, 207. 24 S. W. 390, 40 Am. St. Rep. 829.

We recommend that the judgments of 'the district court and Court of Civil Appeals be reversed, and that this cause be remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed, in its opinion.