**J. M. ENGLISH TRUCK LINE, Inc.
v. FRITSCH et al.**

No. 12308.

Court of Civil Appeals of Texas.
Galveston.

Jan. 15, 1953.

Rehearing Denied Feb. 26, 1953.

Dyess, Dyess & Jennings and Arthur D. Dyess, Jr., Houston, for appellant.

Morris, Underwood & Oldham, Houston, Graves, Dougherty & Greenhill, Joe R. Greenhill, Austin, for appellees.

MONTEITH, Chief Justice.

This is a second hearing in an action brought by appellee, Charles A. Fritsch, for the recovery of damages for personal injuries alleged to have been sustained by him as the result of negligent acts and/or omissions committed by the servants and/or agents of appellant, J. M. English Truck Line, Inc., while loading beams of an oil well rig substructure onto a truck. Texas Employers' Insurance Association intervened as a party plaintiff, seeking a recovery of $9,116.74, the amount it had paid appellee in a compromise settlement of its liability to appellee on account of workmen's compensation insurance which it carried.

A jury found, in answer to special issues submitted, that the employees of appellant had moved the H-beam of the oil well rig and had caused it to swing against a beam which struck the plaintiff. The jury found that appellant's employees had failed to keep a proper lookout and had failed to warn appellee of their intention to move the beam in time for him to move to a place of safety and that the truck crew had failed to maintain the control of the truck and its gin pole as

should have been maintained by a person of ordinary prudence. The subsidiary issues of negligence and proximate cause were found in appellee's favor. Judgment was rendered for appellee for the sum of $22,500, including the sum of $3,000 for medical expenses. Intervenor was awarded the sum of $10,525 as its subrogated interest under the Workmen's Compensation law.

On appeal to this Court the judgment of the trial court was reversed and the cause remanded to the trial court on this Court's holding that the trial court had erred in failing to grant appellant's motion for a first continuance, Tex.Civ.App., 243 S.W.2d 464. The Supreme Court held that the trial court did not abuse its discretion in overruling appellant's motion for continuance and that the motion was in substantial compliance with Rule 252, T.R.C.P. This Court's judgment was reversed and the case was remanded to this Court for consideration of the points of error which were not considered by it in its opinion, Tex.Sup., 246 S.W.2d 856.

In its opinion the Supreme Court held that this Court was in error in holding that the trial court abused its discretion in overruling appellant's first application for continuance, under Rule 252, T.R.C.P.; that under said Rule 252 the only difference between a first and a subsequent motion for continuance is that the first motion is not required to show that the absent testimony cannot be procured from any other source, and that the absence of a material witness is "sufficient cause," if proper diligence has been used to procure the testimony of the witness.

Appellant relies in the appeal on 32 points of alleged error, which will be grouped in this opinion as (1) the trial court's failure to grant appellant's first motion for continuance (this point of error had been disposed of by the Supreme Court's opinion in 246 S.W.2d at page 856, (2) the alleged error of the trial court in refusing to hear evidence as to the misconduct of the jury, (3) the error of the trial court in rendering judgment in favor of appellee for the alleged reason that the verdict of the jury is contrary to the great weight and pre-

ponderance of the testimony adduced in the trial court, and (4) the alleged error of the trial court in refusing to submit to the jury appellant's special issues Nos. 27 and 39.

Under its second and third points of error appellant complains of the action of the trial court in refusing to hear evidence as to alleged misconduct of the jury in making its answers to the issues submitted so that judgment would be rendered in favor of appellee. The court heard the evidence of the jury's misconduct by way of a bill of exception.

Appellee contends that appellant's motion was not supported by an affidavit of a juror and that it did not set forth a reason for appellant's failure to secure a supporting affidavit. This contention cannot be sustained. The record reflects that appellant made efforts to secure affidavits from several of the jurors and that they stated that they would appear in court and answer questions concerning their verdict but that they had refused to give a written statement or an affidavit.

In the case of Roy Jones Lumber Company v. Murphy, 139 Tex. 478, 163 S.W.2d 644, it was held under a similar state of facts that where affidavits were attached to a motion for a new trial showing material jury misconduct, it was reversible error for the trial court to refuse to hear such testimony, but that where the motion for a new trial disclosed a reasonable explanation for failure to secure affidavits, the decision was within the sound discretion of the trial court (citing Art. 2234, Vernon's Ann.Civ.St. and Texas Constitution, V.A.C.S. Art. 1, Sec. 15).

Under the facts in this record, the question as to whether it was error for the court to refuse to hear evidence of the alleged misconduct of the jury was, we think, clearly within the discretion of the trial court.

Under appellant's fourth and fifth points of error, it contends that the court erred in submitting to the jury special issue No. 25 and in instructing the jury as to what it might take into consideration in answering the issue.

Special Issue No. 25. reads, "What sum of money, if any, if paid now in cash do you find from the preponderance of the evidence, will fairly and reasonably compensate Charles A. Fritsch for injuries sustained by him, proximately caused by the occurrence made the basis of this suit, taking into consideration the following elements of damage and none other;

"A. Physical pain and mental suffering suffered by the plaintiff from the time of the occurrence down to the date of this trial, if any.

"B. Physical pain and mental suffering which in reasonable probability plaintiff may suffer in the future beyond the date of this trial, if any.

"C. The reasonable cash value of lost earnings from the date of this trial, if any.

"D. The reasonable present cash value of the diminished capacity to labor and earn money in the future beyond the date of the trial, if any."

In 13 Tex.Jur., page 386, it is said that ordinarily, the reasonable value of the lost time or earnings can be determined by no standard of greater accuracy than that supplied by the ascertainment of the sum which the plaintiff was earning immediately preceding the injurious circumstances.

In the case of Texas Electric Railway v. Jones, Tex.Civ.App., 231 S.W. 823, reversed on other grounds under a similar state of facts, Tex.Com.App., 243 S.W. 980, it was held that where plaintiff pleaded and testified as to the wages he received at the time of his injury and as to the length of time he was unable to work and physicians testified as to the extent of his injuries and their permanent effect, the allegations and evidence supported a charge as to the reasonable value of time lost and diminished earning capacity.

This Court, in passing on the measure of damages in the case of Maywald Trailer Co. v. Perry, Tex.Civ.App., 238 S.W.2d 826, held that the measure of damages in a personal injury case is not something that can be measured by a mathematical yardstick and that considerable discretion and latitude must necessarily be vested in the jury in arriving at its verdict and that each case must be measured by its own facts.

In this appeal the testimony was fully developed as to appellee's employment at the time of his injury and for a number of years preceding his injury. The record shows that both of his legs were severely crushed and mangled and that he would in all probability be unable to ever engage in hard manual labor.

Various witnesses testified fully in reference to the extent and circumstances of appellee's injuries, and conflicts in the evidence were resolved by the jury in its verdict. The verdict was, we think, amply supported by the evidence.

■ Under its tenth point of error appellant contends that the trial court erred in overruling its objections to special issue No. 9 inquiring as to whether the truck crew failed to maintain such control of the winch truck and gin pole as should have been maintained by a person of ordinary prudence in the exercise of ordinary care. It contended that special issues Nos. 8 and 9 as formulated constituted a multiple submission of other issues submitted in the charge and that there was no evidence that appellant had failed to maintain the usual and customary control of the truck and gin pole at the time the accident occurred.

Special Issue No. 8 is, we think, an ultimate issue. It was properly framed and was, we think, supported by the testimony.

Appellant's eleventh and twelfth points of error, in which it contends that the answers to special issues Nos. 1 and 2 are contrary to the greater weight and preponderance of the testimony, cannot, we think, be sustained. From a careful consideration of the testimony introduced in the trial court, including appellee's deposition, we think that the answers to these issues are supported by the testimony in the record.

■ We have carefully considered all other points of error submitted by appellant in its brief and while appellant con-

tends under its other points of error that the verdict of the jury is so contrary to the greater weight and preponderance of the testimony as to be clearly wrong, this contention cannot be sustained. The jury in this case resolved the issues submitted to them upon first-hand evidence adduced before them from living witnesses, whose credibility was determinable by them from a material conflict in the evidence and it is this Court's duty to give due weight and credit to all evidence sustaining the verdict.

Affirmed.