## DANIEL WARWICK, Respondent, v. NORTH AMERICAN INVESTMENT CO., Appellant.

**Kansas City Court of Appeals, May 8, 1905.**

1. **JUSTICES' COURTS:** Washington Township, Buchanan County. Following State ex rel. v. Mosman, 112 Mo. App. 540, it is held that justices of the peace of Washington township, Buchanan county, are legal officers.

2. **PRINCIPAL AND AGENT:** Hiring Agents: Instructions: Appellate Practice. When instructions relating to the power of a superintendent to hire agents correctly define the law the verdict of the jury settles the question beyond the reach of the appellate court.

3. **BROKER: Commission: Instructions: Contract.** A broker's contract provided for 60 per cent commission on certain amounts of premiums collected and 10 per cent thereafter. *Held*, where he exchanged bonds of one class for another and credited the bondholder with the premiums paid on the returned bonds, he was not entitled to 10 per cent on such credited premiums and the jury should have been so told.

4. ——: ——: ——: ——: **Appellate and Trial Practice.** Where the appellant demurs to a recovery on a certain item in an account and that is overruled and he then asks an instruction on the theory held by the court, he is not precluded on appeal from insisting upon his demurrer.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

Reversed and remanded.

*Claude D. Hall* and *John C. Landis, Jr.*, for appellant.

(1) The defendant's motion to dismiss should have been sustained, because the justice of the peace before whom the case was tried was not a legally elected and qualified justice of the peace. R. S. 1879, sec. 2803; R. S. 1899, sec. 3805; State ex rel. v. McCann, 81 Mo. 479; State ex rel. v. Ranson, 73 Mo. 78; Commonwealth ex rel. v. Pattison Gov., 12 Pa. Co. Rep. 202, 2 Pa. Dist. Rep. 128; Ex parte Snyder, 64 Mo. 58; Ayres v. Lattimer, 57 Mo. App. 78; State ex rel. v. Jenkins, 43 Mo. 261; State v. O'Brien, 68 Mo. 153; Jester v. Spurgeon, 27 Mo. App. 477; State v. Butler, 178 Mo. 1. c. 337; State ex rel. v. Higgons, 125 Mo. 365; Mullery v. McCann, 95 Mo. 579; Benton County v. Morgan, 163 Mo. 661. (2) Instruction numbered 1 asked by the plaintiff and given by the court is erroneous. (3) The court erred in refusing the instruction X-R asked by the defendant. Said instruction is as follows: "X-R. The jury are instructed that they should find for the defendant on the second item of the plaintiff's petition in which plaintiff asks for $37.50

for collection commissions on old bonds exchanged for by plaintiff from Mrs. Delaney." This instruction was proper because plaintiff testified he was entitled to collection commissions only on money actually collected and turned in to Wyatt. (4) The verdict is against the law and the evidence of the case. There is no legal evidence in the first place that plaintiff was hired by the defendant company, that is, that plaintiff was to be paid by the defendant company. The plaintiff does not show any contract of hiring of any kind which would in any sense bind the defendant company. Atlee v. Zink, 75 Mo. 100; Homan v. Ins. Co., 7 Mo. App. 22; Fischer v. Chouteau, 10 Mo. App. 578-9; Hurley v. Watson, 68 Mich. 531; Mechem on Agency, sec. 290; Dozier v. Freeman, 47 Miss. 647. (5) Whether the plaintiff was an agent of the defendant company or the agent of Mr. Wyatt, he was an agent to sell, not an agent to exchange or barter. He could receive money only. Powell v. Henry, 27 Ala. 612; Earnhart v. Robertson, 10 Ind. 8; McCulloch v. McKee, 16 Pa. St. 289; Buckwalter v. Craig, 55 Mo. 71; Wheeler v. Wilson, 65 Mo. 89.

*Boyer & McNeely* for respondent.

(1) Appellant contends that the court erred in overruling its motion to dismiss for want of jurisdiction in the justice, because the office of the justice who tried the case had been abolished by section 3805, Revised Statutes 1899. The office of justice of the peace is not created by statute nor can it be abolished by statute. The Legislature may localize the jurisdiction of a justice, and define his powers, duties and duration of office, but it cannot abrogate a constitutional provision. The Constitution creates the office of justice of the peace. Art. 6, sec. 37, Constitution of Missouri; State ex rel. v. Sutton, 3 Mo. App. 388; Adams v. Lindell, 5 Mo. App. 197; Fleming v. Mulhall, 9 Mo. App. 71; State ex rel. v. McCann, 11 Mo. App. 596; Powers v. Braley, 41 Mo. App.

l. c. 562; Ex parte Snyder, 64 Mo. 58. (2) Counsel complain of instruction numbered 1 given at the request of plaintiff, first, because it does not submit to the jury the question, whether or not plaintiff had a contract for commission on bonds exchanged. This question was submitted to the jury in another instruction given at the request of defendant. (3) The other points raised by counsel for appellant upon refused instructions are without merit for the reason that the instructions given covered all of the issues in the case. The instructions taken as a whole presented the law of the case fairly. Dewees v. Mining Co., 54 Mo. App. 484; Same case, 128 Mo. 423; Keen v. Schweigler, 70 Mo. App. 409. (4) Counsel's last assignment of error that there is no evidence of defendant's obligation to plaintiff will not be considered by this court for the reason that the jury settled that question under the instructions, and for the further reason that appellant does not present to this court all of the evidence in his bill of exceptions. (5) There was no error committed by the court materially affecting the merits of the action. Under such circumstances this court will not interfere. R. S. 1899, sec. 865.

JOHNSON, J.—This action originated before L. W. Michelson, a justice of the peace in Washington township, Buchanan county; was removed on change of venue to H. W. Burke, another justice of the peace in the same township, where a trial resulted in favor of plaintiff. Following an appeal to the circuit court defendant filed a motion in which it attacked the legality of the offices of justice of the peace as constituted in Washington township, and one of the errors now claimed is the action of the court in overruling this motion. We have had occasion at this term to consider the question involved, in the case of State ex rel. South St. Joseph Town Company v. Mosman, 112 Mo. App. 540, and the conclusion reached was adverse to the position occupied by appellant. Adopting here the views expressed in that case, we

hold no error was committed in the overruling of the motion.

Plaintiff sued to recover commission due him as the agent of defendant. The result of the trial in the circuit court was in favor of plaintiff, who recovered judgment. Defendant appealed.

There was some conflict in the evidence upon the issue relating to the employment. Plaintiff claimed that he was employed to work for defendant by the superintendent of its office in St. Joseph, J. O. Wyatt, and defendant's witnesses contended that Wyatt was without authority to represent defendant in the hiring of agents, and acted upon his own responsibility in the employment of plaintiff. In the instructions given the principles of law applicable appear to be correctly defined. This issue, therefore, was settled so far as we are concerned by the verdict of the jury.

Plaintiff was employed to sell on the installment plan certain contracts called "investment bonds" issued by defendant. Two classes of these bonds were sold to investors. One called the $250 gold bond, upon which the premiums were payable at the rate of fifty cents per week, and which matured in seven years, and the other called the $500 gold bond, maturing in eight years with weekly payments of $1 each. It is admitted that on all sales made by him plaintiff was to receive a commission of sixty per cent of the amount paid as premiums for the first twenty weeks; and thereafter he was to receive ten per cent of the amount of installments collected by him. The principal controversy is over commission claimed on account of a sale made to a Mrs. Delaney. Plaintiff sold her fifteen of the "$500 Gold Bonds," receiving three hundred dollars in payment of the premium installments for the first twenty weeks. At the time of the sale, Mrs. Delaney owned thirty of the "$250 Gold Bonds" upon which she had paid installments amounting to three hundred and seventy-five dollars. She wished to dispose of these bonds and plaintiff, at the time of the sale of the

others, undertook to sell them for her.    It is a fair infer-
ence from plaintiff's testimony that Mrs. Delaney was
induced to purchase the new bonds by the assurance of
plaintiff that he could sell the old ones.    Being unable to
dispose of them, plaintiff, according to his version, pro-
cured the somewhat reluctant consent of the defendant
to take the old bonds and allow Mrs. Delaney credit up-
on her new purchase for the full amount paid in on
them—three hundred and seventy-five dollars.    Plain-
tiff's claim in this action includes sixty per cent of the
cash payment of three hundred dollars and ten per cent
of the said sum of three hundred and seventy-five dollars,
which he treats as a collection made by him of premium
installments.

The court refused to give an instruction asked by
defendant which precluded a finding upon the item of
$37.50 commission claimed for the credit given on ac-
count of the old bonds, and in other instructions submit-
ted that item to the jury.    We fail to find anything in
the evidence justifying this action of the court.    Plain-
tiff's own testimony relating to his contract for commis-
sion is as follows:  The contract was that money col-
lected from sales by plaintiff was to be turned over to
Mr. Wyatt who would pay him sixty per cent.    "Q.
Your commissions then were based upon the money
actually collected and turned in to the company?    A.
Yes, sir.   Q.   And the collection commissions was the
same way, wasn't it?    A.   The collection commissions
was 10 per cent above that.   Q.   On the money that you
actually collected and turned in?    A.    After the first
twenty weeks.  Yes, sir.  .  .  .  Q.   Now, you never
had any contract in regard to exchange of old bonds or
what your commission would be for the exchange of
bonds?  A.  No, sir."

The burden was upon plaintiff to prove an agree-
ment for commissions upon old bonds received in ex-
change.   Instead of doing this, his own statements, above
quoted, negative the idea that the payment of such com-

missions was contemplated by either of the parties. It certainly could not be inferred from the agreement to pay commissions upon money collections. Nothing was said by the parties at the time the credit was given upon the subject of the allowance of commissions thereon. Considering that the old bonds were taken in evidently for the purpose of protecting the sale made by plaintiff; in furtherance of his assurance to Mrs. Delaney, and at a price including commissions paid by defendant to the agents who had effected the original sale, and attended to the collections made thereunder, no reason appears for the payment by defendant of a double commission. Plaintiff failed entirely to sustain his burden with respect to this item and it was error to permit a recovery upon it.

Nor, as suggested, has defendant waived its right to complain of this error by asking an instruction in which the jury was told "that plaintiff is not entitled to any collection commission on any old bonds that plaintiff may have exchanged for from any bondholder unless you further find from the evidence that plaintiff had a special authority for making such exchange, and a special contract for a commission on the value of such old bonds."After an adverse ruling on its demurrer as to this item, defendant was not required in order to preserve its exception to stand upon the demurrer, but had the right to ask instructions which conformed to the view of the court. It is a defendant's privilege to tender his defenses as they arise, and when forced to take new positions he may do so without waiving his exceptions to rulings of the court which compelled him to abandon other defenses. [Cochran v. Railway, 113 Mo. 366; Glover v. Bolt & Nut Co., 153 Mo. 342; Bealey v. Blake, 70 Mo. App. 237.]

We find no other error in the case. The judgment is reversed and the cause remanded. All concur.