## J. T. BURGHER & COMPANY v. JOHN W. FLOORE.

### No. 2389. Decided March 31, 1915.

1.—Agency—Compensation—Procuring Tenant.

One who, without contract for compensation for his services from the owner of the property to be rented, voluntarily finds and presents to such owner a proposed tenant with whom the owner concludes a contract for lease, is not entitled to compensation for so doing. (Pp. 114, 115.)

2.—Conflicting Charges—Error.

Where two charges are in conflict and it can not be determined whether plaintiff recovered upon the correct or upon the incorrect instruction, the error in giving the latter is ground for reversal. (P. 115.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Johnson County.

Burgher & Company sued Floore and recovered judgment. They obtained writ of error from a judgment of the Court of Civil Appeals reversing and remanding the cause for retrial, a dissenting opinion having been filed.

*Wm. Poindexter, J. B. Haynes* and *R. C. Fuller,* for plaintiffs in error.—If the charge was subject to the error assigned, it was, when considered with the whole charge, harmless and no ground for reversal. Hinkle v. Higgins, 83 Texas, 615; Railway Co. v. Greenlee, 70 Texas, 553.

*Walker & Baker* and *Mitchell Davis,* for defendant in error.—Under this charge the jury could not have found for the defendant, if they believed that the defendant accepted the services of Burgher & Company, even though they might have believed from the evidence that the defendant did not know that Caruthers was acting as a broker in finding Reeves, or that he expected compensation for his services. Ross v. Moskowitz, 95 S. W., 88; Sterling v. De Laune, 47 Texas Civ. pp., 470; Viley v. Pettit, 29 S. W., 438; Hood v. League, 14 So., 572.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This cause was decided in the Court of Civil Appeals of the Fifth District and the judgment of the District Court was reversed and the cause remanded by the majority of the court, Chief Justice Rainey dissenting from the said action. The application for writ of error was granted because of that dissent. We can not better state the matter in issue than to copy from the opinion the statement made therein with reference to the facts of the case and the opinions of the majority and of the minority.

The action was brought by Burgher & Company against Floore to recover compensation for procuring a renter for a certain building which belonged to Floore. It was claimed by Burgher & Company that they furnished to Floore a person who was ready and willing to rent

the building on the terms stipulated by the owner and that subsequently such person so presented did consummate the contract and rented the building as the said Burgher & Company had induced him to do. We copy from the opinion of the court as follows:

"A majority of this court, however, are of the opinion that the case should be reversed for error in the following charge, which reads: 'If you believe from the evidence that the plaintiffs, J. T. Burgher & Company, made and entered into a contract with the defendant, John W. Floore, to find him a renter for the lower floor of his three-story brick building, situated on Houston Street in the city of Fort Worth, Texas, and you believe from the evidence that the defendant, John W. Floore, agreed and consented to pay the plaintiff a reasonable and usual commission for said services, and that afterwards the plaintiffs, or J. S. Caruthers for them, secured William Reeves and introduced him to the defendant, John W. Floore, for the purpose and with the intent of leasing the lower floor of defendant's said building for a period of ten years at one hundred and seventy-five dollars per month, and that afterwards John W. Floore did rent said lower floor to said William Reeves, or if you find that no contract was made between Caruthers and Floore, but you believe from the evidence that J. T. Burgher & Company, with the consent of the defendant, Floore, procured the said William Reeves as a tenant for the ground floor of said building and defendant accepted said services, then in either event you will find for the plaintiff such sum of money as you may believe from the evidence is a reasonable and fair compensation to the plaintiffs for such services.' They are of the opinion that the language there 'for the purposes and with the intent of leasing the building to him for the period of ten years,' is misleading for the reason that the intent of appellees in introducing Reeves was not a sufficient basis for a recovery against appellant in the absence of a contract between them that appellant would pay a commission and the party introduced was able and willing to make a lease for ten years. That appellant had entered into a contract with Reeves for a three years lease was not sufficient upon which to base a recovery, as the appellees were not entitled to recover unless there was an understanding between appellees and Floore that appellees were to procure a tenant for ten years."

The dissenting opinion by Chief Justice Rainey we copy as follows:

"The writer hereof is of opinion that while the charge is not as definite and explicit as it should be, yet the case should not be reversed for the reason stated. The idea in the trial court's mind, I take it, was that the broker was acting in good faith in presenting Reeves, believing Floore desired to enter into a lease contract, and that such presentation was made with no other object in view. I think if this was error it was harmless in view of the full charge of the court. The recovery was predicated on appellant's having contracted for the services of appellees in procuring a tenant for the period of ten years. Appellees produced testimony, if believed by the jury, to establish their

cause of action. Appellant's testimony was diametrically opposite. The court charged the jury to find for plaintiffs if they believed said contract was made and such party was presented by plaintiffs. On the other hand, the court charged the jury to find for the defendant as follows: 'If you believe from the evidence that plaintiffs, through J. S. Caruthers, induced and procured William Reeves to see John W. Floore, and that said Caruthers did introduce Reeves to Floore, but you further believe that John W. Floore did not agree and consent to pay any commission to the plaintiffs or to Caruthers for them for the finding of said lease; and did not accept the services of J. T. Burgher & Company to secure said Reeves as a tenant, then you will find for the defendant, although you may believe from the evidence that the defendant afterwards did lease said property to William Reeves.' From this charge it will be seen that defendant would not be liable unless the contract was entered into as alleged and testified to by Caruthers, one of the plaintiffs, or appellant accepted their services.

"It is evident to my mind that the jury, under this charge, believed that the contract for commissions as stated by Caruthers or the services of plaintiffs had been accepted by defendant, and did not take into consideration the fact that a lease had been made for three years with an option of ten years longer, as the jury had been instructed not to consider the three years contract. So it appears, I think, that the language considered error by the majority of this court could not have proved prejudicial."

The charges of the court as given in the opinion of Chief Justice Rainey show that there is a conflict in this: The court first charges the jury correctly as to the law in case there was an agreement between the parties that the plaintiff below should seek and procure for the defendant a renter for his building, and upon that issue the testimony was conflicting. The plaintiff in the case testified that he had such an agreement and that he procured the renter in pursuance of the agreement, with the understanding that he was to receive compensation for his services. Upon that phase of the testimony the charge was properly submitted, as to the liability of the defendant. However, the defendant testified that he had no such agreement with the plaintiff in the case, and that he made no promise of compensation to the plaintiff. The court charged the jury in substance that if they believed from the evidence the plaintiff presented to the defendant a renter for his house, without any agreement on the part of the defendant, that he should do so, or that he should receive compensation, and if they believed that the defendant afterwards made a lease contract to the person so presented, then they would find for the plaintiff a fair compensation for the services rendered.

The charges are in direct conflict with each other. The charge last referred to is evidently not a correct statement of the law, because if the plaintiff on his own initiative sought and presented the party desiring to rent the building without any solicitation by or contract with the party defendant, then the defendant would not be liable for any compensation

to him for that act. Warwick v. North Amer: Inv. Co. of U. S., 112 Mo. App., 633, 87 S. W., 78; Cyc., vol. 31, sec. 1488 (ii) ; 1 Am. & Eng. Ency. of Law (2nd ed.), p. 1097.

We have then the two conflicting charges and it is not a case in which a verdict upon either one of the issues submitted would be correct as against the defendant, but the jury might have found a verdict against the defendant upon the charge last stated above or upon the first, so that it is impossible for the court to determine whether the verdict was based upon the one or the other; and as the charge last cited was erroneous the verdict may have been based thereon, making the defendant liable for compensation to the plaintiff for his voluntary action in securing and presenting one who desired to rent his house, without any solicitation or agreement on the part of the owners of the house. In this condition of the record we must hold that the majority of the Court of Civil Appeals was correct in reversing the case, and correctly stated the law to be that if the defendant did not employ the plaintiff in error to procure the tenant nor agree to pay anything for his act in so doing, then the defendant in error would not be liable, although he did make a contract of rental with the person who was so presented by the plaintiff in error. In other words, it was a voluntary act on the part of the plaintiff to present the applicant for the renting of the house, for which the defendant in this case was not liable.

It is therefore ordered that the judgment of the Court of Civil Appeals in reversing and remanding the case for another trial be and the same is hereby affirmed, and it is ordered that this cause be remanded to the District Court for further proceedings according to law.

*Judgment of Court of Civil Appeals, reversing and remanding the case, affirmed.*