**GOODE et al. v. SEARS.    (No. 2324.)**

(Court of Civil Appeals of Texas.    Texarkana.
Nov. 25, 1920.)

**1. Brokers ⊝⟹40—Express or implied contract
for commission necessary to recovery.**

To recover a commission, a broker must
have a contract, express or implied, by which
the seller is obliged to make such payment, and
otherwise he cannot recover even if he is the
procuring cause of sale.

**2. Brokers ⊝⟹86(1)—Evidence held to show
no express or implied contract to pay com-
mission.**

In a broker's action, evidence held to show
no express contract to pay commission and not
to make a situation where the law would imply
a promise to pay.

**3. Brokers ⊝⟹40—Vendor need not take notice
that transactions are conducted for his ben-
efit so as to imply contract to pay.**

A real estate agent may represent the pur-
chaser as well as vendor, and the latter is not
required to take notice that the transaction is
being conducted by the agent for his benefit so
as to imply a contract to pay commission.

Appeal from Fannin County Court; H. G.
Evans, Judge.

Suit by M. F. Goode and others against
Bascom Sears.    Judgment for defendant,
and plaintiffs appeal.    Affirmed.

Thos. W. Thompson and E. S. McAlester,
both of Greenville, and J. W. Gross, of Bon-
ham, for appellants.

Cunningham & McMahon, of Bonham, for
appellee.

HODGES, J.    The appellants sued the ap-
pellee in the court below to recover $550 as a
commission for selling a tract of land.    The
appeal is from a judgment in favor of the de-
fendant below.

The facts show that appellants were real
estate agents residing in Hunt county.    The
appellee resided in Fannin county, but had
control of a tract of land situated in Hunt
county.    In the summer of 1917, one of the ap-
pellants wrote to the appellee to know if he
would sell the land, and asking his price and
terms.    Failing to receive an answer, this ap-
pellant later called the appellee over the
phone.    A conversation ensued in which ap-
pellee stated his willingness to sell and fixed
his price and terms.    Appellants procured a

purchaser who was willing to take the property at the price and upon the terms specified. The appellee was notified of that fact, and at the instance of the appellants went to Hunt county and concluded a trade by which the purchaser procured by the appellant took the land. After the sale had been concluded, appellants demanded a commission, which was refused by the appellee; and this suit resulted.

The jury found substantially the following facts: That the appellee did not at the time know that the appellants were real estate brokers and would expect a commission from him; that he would not have sold the land to the purchaser procured by the appellants had he known they would have demanded a commission; that the land belonged to appellee's mother. The jury further found, in answer to propounded questions, that the appellants were the procuring cause of the sale, and that their services were reasonably worth $125.

[1-3] A broker has no right to enforce the payment of a commission unless he has a contract, express or implied, by which the seller is obligated to make such payment. The mere fact that a broker is the procuring cause of a sale being made does not, as a matter of law, determine the question of liability on the part of the seller. Dunn v. Price, 87 Tex. 319, 28 S. W. 681; Piper v. Allen (Mo. App.) 219 S. W. 98; Browning v. Dowell, 218 S. W. 45. In this instance the evidence shows there was no express contract to pay a commission, and the facts testified to by the appellants do not make a situation from which the law should imply a promise on the part of Sears to pay them a commission. Sears testified that he did not know the appellants were real estate agents at the time he agreed to sell the land and fixed his terms and price, and that he did not know any commission would be expected from him. The jury found that his statements were true. A real estate agent may represent the purchaser as well as the seller. The seller is not therefore required to take notice that the transaction is being conducted by the agent for his benefit.

We regard it as unnecessary to discuss at length the various assignments of error presented in the appellants' brief.

We conclude that the proper judgment was rendered, and it is, accordingly, affirmed.