## POWELL v. MULDER. (No. 8496.)

(Court of Civil Appeals of Texas. Dallas. Feb. 19, 1921.)

1. **Appeal and error ⊂⟹1064(1)—Instruction in broker's action for commission harmless to him.**

In an action by a broker for commissions on sale of realty owned by defendant, it being at least an issuable fact whether or not plaintiff broker had a contract with defendant to sell the land, instruction that the jury should find for plaintiff if they found that he and defendant contracted as alleged by plaintiff, and that plaintiff procured a purchaser ready, willing, and able to buy on terms satisfactory to defendant, was harmless to plaintiff.

2. **Brokers ⊂⟹40—Broker not entitled to commission unless he has contract obligating seller to pay.**

A broker has no right to enforce payment of commission unless he has a contract, express or implied, whereby the seller is obligated to make payment; the mere fact that a broker is the procuring cause of sale not as matter of law determining the question of the seller's liability.

Appeal from Collin County Court; R. L. Moulden, Judge.

Suit by W. J. Powell against H. Mulder. From judgment for defendant, plaintiff appeals. Affirmed.

Martin Kindle, Mort W. Muse, and James M. Muse, all of McKinney, for appellant.

G. R. Smith and W. R. Abernathy, both of McKinney, for appellee.

RAINEY, C. J. Appellant, Powell, sued appellee, Mulder, to recover commissions for the sale of certain real estate owned by appellee which was sold to one McAtee for $7,700.

The defendant, Mulder, answered by general demurrer and alleged that no sale was made by said Powell; that said sale was made by himself, and that, if said land was ever listed with appellant by appellee, appellee made the sale long after he (Mulder) had taken it out of appellant's hands, and after he had told appellant to have nothing more to do with it; that there was no contract made between Powell and Mulder that appellant should find a purchaser of the land. In the state of the record as we find it, no other verdict and judgment, it seems, could have been rendered than was rendered. There is no bill of exception or objection taken to the charge of the court, and all objections thereto must be regarded as having been waived. The charge given by the court, however, presented no reversible error.

[1, 2] The appellant complains of that part of the court's charge wherein the jury were told to find for plaintiff if they found that "the plaintiff and defendant entered into a contract as alleged by the plaintiff and that the plaintiff procured a purchaser ready, willing, and able to buy upon the terms satisfactory to the seller." There was no objection, as before stated, to the charge, but, if there had been, it is not apparent that the charge, under the evidence, in any way injured the appellant. It was at least an issuable fact as to whether or not the appellant had a contract with the appellee to sell the land at all, and, if he did not have such a contract, he was in no event entitled to recover.

"A broker has no right to enforce the payment of a commission unless he has a contract, express or implied, by which the seller is obligated to make such payment. The mere fact that a broker is the procuring cause of a sale being made does not, as a matter of law, determine the question of liability on the part of the seller." Goode v. Sears, 226 S. W. 463; Dunn v. Price, 87 Tex. 319, 28 S. W. 681.

There is no reversible error shown, and under the evidence the charge is correct, and the judgment will be affirmed.

Affirmed.