## BULLIS et al. v. MARR–PIPER CO.
### (No. 2029.)

Court of Civil Appeals of Texas. El Paso. May 19, 1927.

Rehearing Denied. June 16, 1927.

**1. Brokers ⬳8(3)—Evidence consisting of correspondence held insufficient to establish contract to pay broker commission for procuring purchaser of property.**

Evidence consisting of correspondence between real estate brokers having charge of rental of property and owner *held* insufficient to establish contract to pay commission for procuring purchaser of property.

**2. Brokers ⬳40—Real estate broker who is mere volunteer cannot recover compensation, though services are efficient cause of contract between parties.**

A broker, to be entitled to compensation, must have been employed to negotiate transaction, and cannot recover if he is a mere volunteer, even though his services are the efficient cause of bringing the parties together, and result in sale or other contract between them.

**3. Contracts ⬳16—Offer on one hand and acceptance on other is essential to express or implied contract.**

To result in an implied or express contract, minds of the parties must meet by an offer on one hand and an acceptance on the other.

Appeal and Error from District Court, El Paso County; B. Coldwell, Judge.

Action by the Marr-Piper Company against Mrs. Josephine W. Bullis and another. Judgment for plaintiff, and defendants appeal, and bring error. Reversed and rendered in part, and reversed and remanded in part.

Guy S. McFarland, of San Antonio, and Goggin, Hunter & Brown, James R. Harper and John B. Howard, all of El Paso, for Bullis and others.

John T. Hill, of El Paso, for Marr-Piper Co.

PELPHREY, C. J. This is an action by the Marr-Piper Company, a corporation, of El Paso, Tex., against Josephine W. Bullis, of San Antonio, Tex., and Frank G. Alderete, of El Paso, Tex., for commissions claimed to be due appellee on account of the sale of certain real estate owned by Mrs. Bullis in the city of El Paso, Tex., to the said Frank G. Alderete.

Appellee alleged that it was the agent of Mrs. Bullis, having entire control and management of her El Paso property; that, acting for and in her behalf, under her instructions and as her agent, it procured and interested Frank G. Alderete in the leasing and purchasing of certain of her property located on South El Paso street, in the city of El Paso, Tex.; that it notified Mrs. Bullis of Alderete's desire to purchase the property, and informed her by letter that Alderete would come and see her in San Antonio; that Alderete, in pursuance of said letter, went to see Mrs. Bullis, and that she and Alderete completed a sale agreement of the property for the sum of $39,000; that it was the procuring cause of the sale, and was thereby entitled to 5 per cent. commission, and that at the time of the completion of the sale it was agreed by and between Alderete and Mrs. Bullis that, as part of the consideration of the sale, Alderete would pay the commission of appellee; and that, by so agreeing, Alderete became jointly obligated with Mrs. Bullis to pay the commission due appellee.

Mrs. Bullis filed a plea of privilege to be sued in Bexar county, the county of her residence, which plea was by the court overruled.

Upon the overruling of the plea of privilege, she answered by general demurrer, general denial, and by a cross-petition alleged that Alderete had guaranteed to hold her harmless as far as any commissions on the sale were concerned, and prayed that she might have judgment over against Alderete for such amount as appellee might recover from her.

Alderete answered by general demurrer and general denial.

The case was tried before a jury and submitted on special issues. Upon the issues the jury found: (1) That the property was sold by Mrs. Bullis to F. G. Alderete, Sr.; (2) that Marr-Piper Company was the procuring cause of the sale; (3) that $1,950 was the reasonable value of the services of Marr-Piper Company in procuring the sale; (4) that Marr-Piper Company had authority from Mrs. Bullis to procure a purchaser for the property; (5) that there was no agreement between W. R. Piper and F. G. Alderete, Sr., that, in case of a purchase of the property by Alderete, Piper would take an interest in the property with Alderete.

The court rendered judgment against Mrs. Bullis and Alderete, jointly and severally, for $1,950, and in favor of Mrs. Bullis against Alderete for a like amount.

The case is before this court upon the ap-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

peal of Mrs. Bullis and upon writ of error sued out by Alderete.

## Opinion.

Appellant Mrs. Bullis complains of the court's action in not instructing a verdict in her favor on the ground that the evidence wholly failed to show that she had either expressly or impliedly agreed to pay Marr-Piper Company any commission.

[1] If there was any agreement to pay a commission in the present case, it is admittedly evidenced by the following correspondence between the parties:

"El Paso, Tex., March 31, 1925.

"Mrs. Josephine W. Bullis, 627 Pierce St., San Antonio, Tex.—Dear Madam: We have a party with whom we have been figuring for several months, on a location for a picture show on South El Paso street.

"We have put up to him the property now occupied by Davis Bros., where they operated the old Bijou Theater. He states, however, that this is too far up on El Paso street and on the wrong side of the street for a picture show.

"We also mentioned to him your 63 and a fraction feet in the 300 block on South El Paso street, and he asked us to find out whether or not you would consider putting up a building on this property for him. He is willing to take a five or ten year lease and we believe the man to be financially responsible.

"We think you have good outside walls on this property and that it would not be such a very expensive operation to tear down the interior and rebuild.

"We, of course, do not know whether you are financially in position to build, or whether or not you would consider same for any other reason.

"We thought we would put the matter to you in this way for your consideration, and if you feel like going into the matter further, we could find out what it would cost and then base the rent on an income basis considering the value of the real estate plus the cost of the improvements.

"We would be glad to hear from you considering this.

"Yours very truly,      P. D. Rice."

"San Antonio, Tex., April 5, 1925.

"Marr-Piper Company—Dear Sirs: Yours of March 31st received, and contents noted and in reply will say that it would not be a bad idea to do as you suggest if it would not cost too much and if it would pay sufficient for the outlay.

"You might figure what it would cost, and let me know, seven per cent. is certain and safe. I may consider if the proposition is attractive enough. Thanking you kindly,

"Yours truly,      Josephine W. Bullis."

"El Paso, Tex., April 8, 1925.

"Mrs. Josephine W. Bullis, 627 Pierce Ave., San Antonio, Tex.—Dear Mrs. Bullis: We have your favor of April 5th, and we are going to have some sketches made of the building necessary and ascertain the approximate cost so as to be able to advise you of the amount necessary to be expended.

"The people with whom we are figuring on this building might be interested in buying this property and building, and on building, provided they

296 S.W.—40

can get the property at a reasonable value. If you would be interested in making a sale rather than spending the money necessary to put up the building, we would be glad if you would let us know what price you would take for same, and the terms you would require, including 5 per cent. commission to us, in case of consummation of the sale.

"Yours very truly,      Rental Department,
"Marr-Piper Company,
"By P. D. Rice."

"April 15, 1925.

"Mrs. Josephine W. Bullis, 627 Pierce Ave., San Antonio, Tex.—Dear Mrs. Bullis: Further in connection with our correspondence regarding the erection of a moving picture show on your South El Paso street property, we have had several contractors give us an approximate figure covering the cost of this property, and find that it would entail an expenditure of approximately $30,000.00.

"We are figuring with Frank G. Alderete, who is now operating a picture show called the Eureka Theater on the corner of El Paso and Second streets. We are offered a lease for five or ten years by this man, and we believe him to be thoroughly responsible, on the basis of $500.-00 per month. We think that we should have more than $500.00 for the second five-year lease.

"Mr. Alderete is going to East Texas the latter part of this month and he would like to know if it would be agreeable for him to call on you and discuss the question of the erection of this building, and a lease to him on a basis that would be profitable to you. At the same time he may take up the question of the purchase of this real estate in line with our letter of April 8th.

"We would be glad if you would advise us on receipt of this letter, whether you care to deal direct with Mr. Alderete on either of these propositions and have him call on you as above suggested or whether you prefer for us to handle all of the negotiations.

"Yours very truly,      Rental Department,
"Marr-Piper Company,
"By ———."

"San Antonio, Tex., April 19, 1925.

"Marr-Piper Company—Dear Sirs: Yours of the 15th read and I am wondering if the erection of a moving picture bldg. on South El Paso street would take all the frontage I own there. You as my agent could tell me what property is selling for a foot on either side of me, and in that way give me some idea of the value in case I wanted to sell. I have several deals I am trying to get through, but it will be a few months or more before they will materialize. I know what my husband paid for the said property some fourteen years ago; they should have improved since then, but now I am unable to say how they are. With taxes and insurance I doubt if it would pay to erect such a building and make it pay at that rent.

"Yours truly,      Josephine W. Bullis."

"El Paso, Tex., April 21, 1925.

"Mrs. Josephine W. Bullis, 627 Pierce Ave., San Antonio, Tex.—Dear Mrs. Bullis: We have your letter of the 19th inst., and in reply we beg to say that in our opinion your property on S. El Paso street is worth $800.00 per front foot or around $50,000.00 for the 63 feet. There has been some property sold in that particular block

in the past at $1,000.00 per front foot but that particular property had improvements of a much better character and of more value than yours, which would add at least $200.00 per front foot to the value. Then, again, things were somewhat better at that time than they are now.

"Mr. Frank G. Alderete, the party with whom we have been negotiating on this property, is coming down to Middle Texas in the next few days and if it is agreeable with you, he is going to drop in to see you and talk the matter over and see if something in the way of a price for sale or lease cannot be arrived at.

"Yours very truly,    Marr-Piper Company,
"By W. R. Piper."

"El Paso, Tex., April 21, 1925.

"Mrs. Josephine W. Bullis, 627 Pierce Ave., San Antonio, Tex.—Dear Mrs. Bullis: This will introduce to you Frank G. Alderete, one of our pioneer citizens, who is calling on you for the purpose of discussing the matter of purchase or lease of your El Paso street property.

"In case there is a possibility of your coming together on either proposition, we shall, of course be glad to render the necessary assistance in consummating any transaction that might be started.

"Yours very truly,    Marr-Piper Company,
"By W. R. Piper."

"San Antonio, Tex., May 13, 1925.

"Mr. F. G. Alderete, El Paso, Tex.—Dear Sir: I have signed and herewith inclose you the deed which you sent me with your letter of the 11th, and you are authorized to buy and put on the deed the $39.00 United States revenue stamps required by law and take credit for it on the next installment of interest.

"I inclose you a copy of a letter I got to-day from Marr-Piper Company and my reply thereto. This contract was signed at this price with the understanding with you that it should be net to me and that nobody had any claim for commission and that you would hold me harmless against any such claims, and I am sending you the deed with that understanding. If you are not willing to protect me against commission, then return the deed and I will return your notes and check, because the price must be net to me.

"Yours very truly."

The record discloses that this property was first listed by Mrs. Bullis with Davis Bros., real estate agents of El Paso, Tex.; that, during the war Davis Bros. sold their business to James L. Marr & Co., who thereupon began looking after the property in question, and that the Marr-Piper Company is successor to James L. Marr & Co.

It is admitted by Mr. Rice, rental manager for appellee, that the property of Mrs. Bullis was not listed with appellee for sale, and Mr. Piper, president of the Marr-Piper Company, testified that the only authority appellee had from Mrs. Bullis to sell her property was to be found in the correspondence above set out.

[2] "To entitle a broker to compensation, he must have been employed to negotiate the transaction in connection with which his services were rendered. In the absence of such employment, or in other words, where the broker acted as a mere volunteer, he is not entitled to compensation, although his services are the efficient cause of bringing the parties together and result in a sale or other contract between them." 9 C. J. 554.

"A real estate agent is entitled to commission only when he brings the parties together by virtue of a contract made with him by one or both of the parties, by virtue of which they become liable to him by reason of some express or implied promise to pay a commission. Simply bringing the parties together in the absence of some contract by which they would be liable to him does not make them liable for a commission." Pipkin v. Horne (Tex. Civ. App.) 68 S. W. 1000; Brown v. Odneal (Tex. Civ. App.) 239 S. W. 350; J. T. Burgher & Co. v. Floore, 107 Tex. 112, 174 S. W. 819; Goode v. Sears (Tex. Civ. App.) 226 S. W. 463; Powell v. Mulder (Tex. Civ. App.) 228 S. W. 302.

[3] And it has been held that the minds of the parties must meet by an offer on the one hand and an acceptance on the other in an implied as well as in an express contract, and, if absent in either, no obligation is created. Fordtran v. Stowers, 52 Tex. Civ. App. 226 (error refused) 113 S. W. 631; Dunn v. Price, 87 Tex. 318, 28 S. W. 681; J. T. Burgher & Co. v. Floore, 107 Tex. 112, 174 S. W. 819; Newell v. Lafarelle (Tex. Civ. App.) 225 S. W. 853.

We can find no evidence in the record establishing an acceptance on the part of Mrs. Bullis of the offer of appellee to sell her property for a commission, and, in fact, the evidence indicates, if anything, her unwillingness to do so.

We find that she made no reply to the suggestion that she name a price for the property, including their commission, and that neither did she authorize appellee to send Alderete to see her for the purpose of negotiations.

We further find that the price at which she sold the property was to be net to her, and that she, out of an abundance of caution, forced Alderete to agree to pay any commissions which might be due on account of the sale.

The evidence being undisputed that Mrs. Bullis had not listed the property for sale with appellee, but that appellee on its own initiative presented the party desiring to buy the property, without any solicitation by or contract with Mrs. Bullis, therefore Mrs. Bullis is not liable for any compensation to it for such act.

The record disclosing no agreement on her part, either express or implied, to pay a commission for the sale of the property in question, we conclude that the peremptory instruction requested by her should have been given, and we therefore reverse the judgment of the trial court, and here render judgment that appellee take nothing as to her.

If we are correct in our holding as to her nonliability then Alderete would not be liable

on his agreement to hold her harmless, and, were it not for the fact that there is evidence in the record raising a question of his primary liability on account of an agreement by him with appellee to protect them in the matter of commission, we should make the same disposition of his part of the suit. Feeling, however, that such an issue might be made on a retrial, we hereby reverse the judgment and remand the cause as to appellant Alderete.

The disposition we have made of the case on the merits renders it unnecessary to discuss the assignment as to the overruling of the plea of privilege as well as the other assignments.

Reversed and rendered in part; reversed and remanded in part.

### On Motion for Rehearing.

In support of our action in remanding as to plaintiff in error Alderete, instead of rendering in his favor, see Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, and cases there cited.