### DEAN v. WHITE.
### No. 1237.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1934.

Rehearing Denied March 16, 1934.

Hal Browne and David Weintraub, both of San Antonio, for appellant.

T. B. Moursund and W. W. Palmer, both of San Antonio, for appellee.

FUNDERBURK, Justice.

N. H. White sued Joe Dean, Jr., to recover $330 claimed to be due as a broker's commission for procuring a lessee for certain property belonging to the defendant. The pleadings seem to have been construed by the parties as sufficient to authorize recovery upon either an express or an implied contract. The jury to whom the case was submitted upon special issues found one essential element of an express contract against the contention of the plaintiff. Judg-

ment was rendered for the plaintiff for $200. The defendant has appealed.

■ There is no statement of facts. The only question presented for our decision is one involving the sufficiency of the verdict to support the judgment. The verdict under the pleadings absolved the defendant from any liability other than upon an implied contract. If there was any implied contract, it was necessarily one involving the employment of the plaintiff to perform the services of procuring a tenant or lessee for defendant. Burgher & Co. v. Floore, 107 Tex. 112, 174 S. W. 819; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631. One of the issues joined by the pleadings was whether there was any such contract. The determination of that issue was essential to support a judgment.

■ One issue submitted to the jury, with their finding thereon, was as follows: "Do you find from a preponderance of the evidence that during the month of May, 1931 defendant Joe Dean, Jr. listed his property with plaintiff N. H. White for lease and rental?" Answer: "Yes." This, we think, was a finding that plaintiff was employed to perform for defendant the services of procuring a tenant or lessee for him. If, standing alone, there would be any doubt about it, the matter is made certain when the question and answer are read in the light of the definition of the word "listed," as given by the court for the guidance of the jury in answering the issue. The definition given was: " 'Listed' is where an owner informs a real estate broker of his wish to lease and rent property upon stated terms and invokes his (broker's) professional services in that respect." The verdict of the jury upon this issue, together with the verdict upon all the other issues, omitting the one presently to be mentioned, required a judgment for plaintiff such as was rendered.

Another issue submitted and the answer thereto were as follows: "Did defendant Joe Dean, Jr. at the time alleged in plaintiff's petition employ the plaintiff N. H. White as a real estate broker to secure for defendant a lessee for the property described in plaintiff's petition?" Answer: "No." Plaintiff had alleged that it was "during the month of May, 1931," that the property had been "listed." Plaintiff also alleged that about September 3, 1931, he had procured a "lessee." It is just as clear that the verdict upon the last-named issue, together with that upon the others, omitting the one first above mentioned, required a judgment for the defendant, as that the verdict upon the first-mentioned issue and the others, except this, required a judgment for the plaintiff. The two interrogatories are but different forms of submission of the same material issue. The answer to each is a contradiction and a denial of the answer to the other. Conflicting findings upon material issues will not support a judgment. Morrison v. Western Union Telegraph Co. (Tex. Civ. App.) 35 S.W.(2d) 215, and authorities cited.

It follows that, in our opinion, the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.